IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**JAMES L. ALLEN**                                                                                                          **PLAINTIFF**

**VS.**                                              **CASE NO. 3:05-CV-00282 GTE**

**CHRIS HALL, et al.**                                                                                           **DEFENDANTS**

## ORDER DENYING MOTION TO DISMISS

Before the Court is Defendants' Motion to Dismiss, to which Plaintiff has responded. The sole issue presented is whether to apply a two year statute of limitations, in which case Plaintiff's official capacity claims are time-barred, or the traditionally applied three year statute of limitations. For the reasons stated below, the Court concludes that a three-year statute of limitations must be applied and Defendants' motion denied.

### BACKGROUND

Plaintiff alleges that he was deprived of his constitutional rights when he was denied medical assistance. He specifically alleges that he suffered a fractured tibia prior to his arrest on alleged "traffic" and "theft by receiving" warrants. Following his arrest on May 30, 2003, Plaintiff claims he was incarcerated in the Greene County Arkansas jail for 8 1/2 hours (from 12:55 a.m. to 9.25 a.m) while suffering from a fractured tibia and during which time his repeated requests for medical care were denied. (Complaint, at ¶¶ 1, 9).

Plaintiff has sued the following Defendants:

(1) Chris Hall, a jailer and employee of Greene County, Arkansas;

(2) Dan Langston, Sheriff of Greene County, Arkansas;

(3) David Lange, jail administrator and employee of Greene County, Arkansas;

(4) Greene County, Arkansas.

Plaintiff's Complaint does not indicate whether he is suing the individuals in their official or individual capacities, a point Defendants seize on in their motion to dismiss, therein pointing out that Plaintiff's Complaint must be construed as stating only official capacity claims. In responding to the Motion to Dismiss, Plaintiff concedes this point and affirms that he is not bringing suit against any named Defendant in his individual capacity, but rather intends to pursue such claims solely as official capacity claims.[1]

## DISCUSSION

In arguing for a two-year statute of limitations, Defendants cite Ark. Code Ann. § 16-56-109, which provides in pertinent part:

> (a) All actions against sheriffs and coroners upon any liability incurred by them by doing any act in their official capacity, or by the omission of any official duty, except for escapes, shall be brought within two (2) years after the cause of action has accrued, and not thereafter.

Plaintiff's Complaint was filed on December 12, 2005. The incident in question occurred on May 30, 2003. Thus, Defendants contend, Plaintiff's official capacity claims are time-barred and should be dismissed.

Plaintiff argues for the application of a three year statute of limitations. In support of his

---

[1] Unless Plaintiff amends his Complaint to add individual capacity claims, he will be precluded from money damages against any of the individual Defendants. The Eleventh Amendment prohibits the recovery of money damages for claims against state officials in their official capacity. The Eleventh Amendment does not bar prospective injunctive relief or declaratory relief against the named defendants in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304 (1989)(state officials sued in their official capacities for injunctive relief are "persons" under section 1983 because official-capacity actions for prospective relief are not treated as actions against the state).

The Court notes that Plaintiff's Complaint does not appear to seek declaratory or injunctive relief against any Defendant, but rather appears to seek only damages, both compensatory and punitive. Plaintiff may wish to consider remedying this pleading deficiency.

argument, Plaintiff relies on the Supreme Court's decision in *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938 (1985).   The characterization of a plaintiff's claim for statute of limitations purposes is a question of federal law.   In *Wilson*, the Court held that the:

> federal interest in uniformity, certainty, and the minimization of unnecessary litigation [over limitations issues mandate that] in each State, the one most appropriate statute of limitations . . . [be applied to] all [section] 1983 actions [brought in that State.]

*Id*. at 275, S.Ct. at 1947.

The Eighth Circuit has specifically held that "all section 1983 claims that accrue after *Wilson* [are to] be governed by the state's personal injury statute of limitations." *Wycoff v. Menke*, 773 F.2d 983, 984 (1985).   Arkansas has a three year statute of limitations for personal injuries. Ark. Code Ann. § 16-56-105.  A three year statute of limitations applies to all of Plaintiff's § 1983 claims.

Defendants have made no effort to discuss or distinguish *Wilson*, which is clearly contrary to their position and which the Plaintiff cited in opposing Defendants' motion.  Instead, they have submitted a Reply Brief, therein relying upon an Order dated May 5, 2006, from The Honorable Jimm Larry Hendren and providing a copy of same.  (See Exhibit A to Plaintiff's Reply, Order in *Walker et al. v. Powell*, Civil No. 05-5203 (W.D. Ark. May 5, 2006).  In *Walker*, Judge Hendren applied the two year statute of limitations provided by Ark. Code Ann. § 16-56-109 at defendants' request and dismissed plaintiff's official capacity claims.   This Court, of course, is bound by Eighth Circuit and United States Supreme Court precedent rather than the opinions of its fellow district court judges.

In reviewing the *Walker* docket, it appears that Judge Hendren was not advised of either

the *Wilson* or *Menke* cases.² Accordingly, he may not have had the benefit of this legal authority when he made his ruling. In any event, it is clear to this Court that a three year limitations period applies in this case, as it does in all § 1983 claims.

## CONCLUSION

Accordingly,

IT IS THEREFORE ORDERED THAT Defendant's Motion to Dismiss (Docket No. 11) be, and it is hereby, DENIED.

IT IS SO ORDERED this  1st   day of November, 2006.

                                          /s/Garnett Thomas Eisele
                                          UNITED STATES DISTRICT JUDGE

---

² The Court notes that the same law firm represented the defendant in the *Walker* case and currently represents the Defendants in the present case. This law firm frequently represents the interests of defendant state, county and municipal officials in § 1983 actions and very capably so. The Court reminds counsel of their duty to "disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel." Model Rules of Prof. Conduct Rule 3.3(a)(3). It is the opinion of this Court that the Supreme Court's opinion in *Wilson* constitutes controlling legal authority on the issue of which statute of limitations applies in § 1983 actions and should be disclosed in the future to any court asked in such cases to apply a limitations period of other than three years.