UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JAMES L. ALLEN                                                                                             PLAINTIFF

v.                                              CASE NO. 3:05-CV-00282 GTE

CHRIS HALL; Greene County Sheriff
DAN LANGSTON; Jail Administrator
DAVID LANGE; and
THE COUNTY OF GREENE, ARKANSAS                                              DEFENDANTS

## ORDER

Presently before the Court is Plaintiff's Motion for Reconsideration of Order Granting Motion to Amend Complaint to Add New Parties.

**I. Background**

On December 12, 2005, Plaintiff filed his Complaint alleging claims under 42 U.S.C. § 1983. On November 1, 2006, this Court entered an order denying Defendants' Motion to Dismiss. In the Order, the Court stated, "Plaintiff's Complaint does not indicate whether he is suing the individuals in their official or individual capacities, a point Defendants seize on in their motion to dismiss, therein pointing out that Plaintiff's Complaint must be construed as stating only official capacity claims. In responding to the Motion to Dismiss, Plaintiff concedes this point and affirms that he is not bringing suit against any named Defendant in his individual capacity, but rather intends to pursue such claims solely as official capacity claims." The Court also advised Plaintiff, "Unless Plaintiff amends his Complaint to add individual capacity claims, he will be precluded from money damages against any of the individual Defendants. . . . The Court notes that Plaintiff's Complaint does not appear to seek declaratory or injunctive relief

1

against any Defendant, but rather appears to seek only damages, both compensatory and punitive. Plaintiff may wish to consider remedying this pleading deficiency." On November 22, 2006, Plaintiff filed his Motion for Leave to Amend Complaint "for the purpose of raising individual causes of action against the Defendants, in addition to the official capacity claims brought originally." Defendants responded that Plaintiff's cause of action accrued on May 30, 2003. Defendants argue that Plaintiff filed his Motion for Leave to Amend Complaint on November 22, 2006, which is beyond the three-year statute of limitations applicable to claims brought pursuant to 42 U.S.C. § 1983, and therefore, Plaintiff's motion should be denied.

In considering the issue, the Court considered the relation-back doctrine set forth in Federal Rule of Civil Procedure 15(c) and explained in *Schiavone v. Fortune,* 477 U.S. 21, 29-30, 106 S.Ct. 2379, 2384 (1986), which stated:

> Relation back is dependent upon four factors, all of which must be satisfied: (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.

The Court also considered *Hayes v. Faulkner County, Arkansas*, 388 F.3d 669, 675-76 (8th Cir. 2004). In granting Plaintiff's Motion for Leave to Amend Complaint, the Court stated:

> Here, as in *Hayes*, the basic claim arises out of the conduct set forth in the original pleading. Furthermore, the parties to be brought in, namely Chris Hall, Dan Langston, and David Lange in their individual capacities, had notice of the Plaintiff's lawsuit within the limitations period, and the Defendants are not prejudiced in maintaining their defense, as they were originally named as defendants in their official capacities, and an attorney on behalf of the Defendants received service of the Complaint. Furthermore, Defendants do not even argue that they did not receive actual notice of the Complaint. Finally, Defendants should have known that, but for a legal mistake, they would have been named in the original complaint.

**II. Motion to Reconsider**

In Defendants' Motion for Reconsideration, Defendants request that the Court reconsider and deny Plaintiff's Motion to Amend for two reasons.  First, Defendants contend that there is no evidence that any of the individual capacity Defendants had notice of the institution of the action by mid-April, 2006, because the Plaintiff has never served the Complaint on any of them and two of the three individual Defendants have not worked for the county since before the institution of this action.  Defendants submit the affidavit of Sheriff Dan Langston, which states that Chris Hall and David Lange were last employed with the Greene County Sheriff's Department prior to December 12, 2005.  Defendants state that although the Court seemed to rely upon the fact that counsel for the county had received service of the Complaint, said counsel has not entered his appearance for the individual capacity Defendants, as the Amended Compliant in which the individual capacity Defendants are to be named has not yet been filed or served, and will not do so if such an action will cause the individual capacity Defendants such grievous legal prejudice.  Defendants note that a new party's personal assets should not be placed in jeopardy, where they otherwise would not be, simply because they may choose or elect in the future to retain the same counsel as the previously named Defendants.

Second, Defendants argue that there is no way the individual capacity Defendants could have known, by mid-April, 2006, that the Plaintiff would have sued them individually in the original Complaint but for a mistake concerning their identities because all three of the individual capacity Defendants were named in their official capacities only in the original Complaint and Plaintiff reaffirmed his intent to sue them only officially more than 7 months after the filing of

his Complaint. Defendants state that 120 days time period from the filing of the Complaint (i.e., the time for serving summons under Rule 4(m) of the Federal Rules of Civil Procedure) expired in mid-April, 2006. Defendants contend that these arguments were not previously raised because Plaintiff did not specifically rely upon the relation back doctrine in his Motion for Leave to Amend Complaint and did not specifically allege that the individual capacity Defendants had received notice.

      The Court finds Defendants' arguments persuasive. After further review of the Eighth Circuit's decision in *Hayes*, it is clear that the Court overlooked a key distinction between that case and the one presently before the Court. In *Hayes*, Kyle Kelly, the defendant named in his individual capacity after the statute of limitations had expired, gave the plaintiff's file to the County lawyer after the complaint was filed. 388 F.3d at 676. The Court specifically found that Kelly had actual notice of the complaint within the limitations period not because the County lawyer had been served with the complaint, but because the individual capacity defendant gave the plaintiff's file to the County lawyer after the complaint was filed. *Id*. Here, as Defendants note, there is no evidence that the individual defendants had actual notice of the complaint, with the possible exception of Sheriff Langston. Furthermore, the other two individual capacity Defendants were not employed by the County at the time the Complaint was filed. However, the Court also notes that Defendants still do not <u>clearly</u> state that the individual defendants <u>did not</u> have "actual notice" of the complaint, but simply contend that <u>there is no evidence</u> that the individual capacity Defendants had notice of the action within the statutory period, and only acknowledge the <u>possibility</u> that Sheriff Langston had actual notice of the lawsuit.

Regardless, the Court finds that Defendants' second argument alone is sufficient to support the Court's decision to vacate its previous order. Defendants properly state that the individual capacity Defendants did not know and should not have known that "but for a mistake concerning the identity of the proper party, the action would have been brought against the party," because on June 22, 2006, approximately two months after the 120 day time period expired, Plaintiff affirmed that he was not bringing suit against any named Defendant in his individual capacity, and did "not intend to pursue them individually." The Court also notes that Plaintiff has been represented by counsel throughout this lawsuit. The Court vacates its previous order granting Plaintiff's Motion for Leave to Amend Complaint.

Accordingly,

IT IS THEREFORE ORDERED that the Order granting Plaintiff's Motion for Leave to Amend Complaint (Doc. # 33) be, and it is hereby, VACATED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to Amend Complaint (Doc. # 30) be, and it is hereby, DENIED.

Dated this 16th day of February, 2007.

/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE