IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JAMES L. ALLEN                                                                                    PLAINTIFF

VS.                              CASE NO. 3:05-CV-00282 GTE

CHRIS HALL, et al.                                                                              DEFENDANTS

### ORDER DENYING MOTION FOR RECONSIDERATION

Defendants have filed a Motion for Reconsideration therein requesting that the Court reconsider its previous Order rejecting Defendants' assertion that the Plaintiff's official capacity § 1983 claims are governed by a two year statute of limitations, and therefore time-barred.[1] Because this Court's ruling conflicts with prior rulings by a fellow district judge in Arkansas' Western District,[2] the Court has carefully reconsidered its prior legal conclusion. The Court stands by its prior decision and leaves it to a higher court to resolve the conflict.

### DISCUSSION

Section 1983 actions in Arkansas are normally governed by Arkansas' three year statute of limitations for personal injury actions.[3] Arkansas also has a statute that calls for the application of a two-year statute of limitations for actions "against sheriffs and coroners upon any liability incurred . . . in their official capacity." Ark. Code Ann. § 16-56-109(a). The issue

---

[1] Order filed 11/1/2006, docket entry 28.

[2] The Honorable Jimm Larry Hendren reached the opposite legal conclusion in *Walker v. Powell*, W.D. Ark. Case # 5:05-cv-05203 JLH.

[3] Ark. Code Ann. § 16-56-105; *Morton v. City of Little Rock*, 934 F.2d 180 (8th Cir. 1991)(applying § 16-56-105 in § 1983 action); *see also Wycoff v. Menke*, 773 F.2d 983, 984 (8th Cir. 1985)("all section 1983 claims that accrue after *Wilson* [are to] be governed by the state's personal injury statute of limitations").

before the Court is whether a limitation period of two years or three years applies to Plaintiff's official capacity § 1983 claims against the County Defendants.[4]

The question before the Court is one of federal law rather than state law. Where Congress has provided a civil rights remedy without a limitations period, the gap is to be filled by borrowing a state law limitations provision, but only where the borrowed state law "is not inconsistent with the Constitution and laws of the United States." 42 U.S.C. § 1988. As the Supreme Court instructed in *Wilson v. Garcia*, 471 U.S. 261, 269 (1985):

> The importation of the policies and purposes of the States on matters of civil rights is not the primary office of the borrowing provision in § 1988; rather that statute is designed to assure that neutral rules of decision will be available to enforce the civil rights action, among them § 1983. Congress surely did not intend to assign to state courts and legislatures a conclusive role in the formative function of defining and characterizing the essential elements of a federal cause of action.

This Court concluded in its prior Order that applying Arkansas' two-year statute of limitations to Plaintiff's official capacity claims in this case would be contrary to the decision in *Wilson*. In *Wilson*, the Supreme Court sought to end the "conflict, confusion and uncertainty" about which state law limitations period to borrow and apply in § 1983 actions.[5] Stressing the need for uniformity within each State, the Court held that courts must borrow and apply "the one

---

[4] Defendants concede that a three year statute of limitations applies to the individual capacity claims. There is also pending a separate motion for reconsideration urging the Court to reconsider its prior decision to permit the individual capacity claims to "relate back" to the original Complaint, which asserted only official capacity claims, but which was later amended to add individual capacity claims. That issue will be addressed in a separate Order.

[5] *Wilson*, 471 U.S. at 266. Prior to *Wilson*, courts faced with civil rights claims under § 1983 struggled to determine which particular state limitations period to apply. Much confusion and uncertainty resulted. Consequently, litigants often could not determine whether their federal civil rights claim was time-barred without a court ruling. *Owens v. Okure*, 488 U.S. 235, 240 (1989).

- 2 -

most appropriate statute of limitations."[6]

Several years later, the Supreme Court considered the issue again. In *Owens v Okure*, 488 U.S. 235 (1989), the Court refused to apply New York law a specifying a one year limitations period for assault, battery, false imprisonment, and five other intentional torts to the plaintiff's § 1983 claim against police officers alleging unlawful arrest and excessive force. Instead, the Court applied New York's three year residual statute of limitations for personal injury claims, reaffirming *Wilson*'s promise of "an end to the confusion over which statute of limitations to apply to § 1983 actions."[7] As the Court further noted, "the very idea of a residual statute suggests that each State would have no more than one."[8]

Defendants contend that the Supreme Court's decision in *Wilson* is not controlling on the limitations issue now before the Court. In fact, Defendants assert that "*Wilson* and its progeny are not adverse, directly or indirectly," to the issue of whether a two or three year statute of limitations applies. Defendants argue that *Wilson* does not foreclose the possibility of applying two different "general" and "residual" statutes of limitation. Defendants thus contend that Arkansas has two residual statutes, two years for sheriffs and coroners sued in their official capacities and three years for all other defendants.

The Court rejects this argument. First, there is nothing general or residual about Ark. Code Ann. § 16-56-105(a). The provision carves out special protection for a select class of state actors – sheriffs and coroners. In the § 1983 context, a three year statue of limitations would apply to all state actors except sheriffs and coroners acting in their official capacity, to whom a

---

[6] *Wilson, supra*, at 275.

[7] *Id.*, at 251.

[8] *Id.*, at 247-48.

- 3 -

two year statute of limitations would apply.  Is there any justification for treating coroners and sheriffs more favorably than all other state actors?  Should the length of time a plaintiff harmed by a law enforcement official has to file suit be different depending on whether the official is employed as a sheriff or a police officer?  The questions are rhetorical, and to be answered by the state legislature, but asking them proves the point – the two year statutory provision in question is not a general or residual statute.  Accordingly, its application is foreclosed by *Wilson's* directive to apply "the one most appropriate statute of limitations."[9]

Additionally and alternatively, the Court concludes that the application of the two year limitations provision to this subset of § 1983 claims would be contrary to the federal principles underlying § 1983.  Even prior to *Wilson,* the Supreme Court had rejected a mechanical and automatic borrowed application of state statutes of limitation to federal statutes.  "State legislatures do not devise their limitations periods with national interests in mind, and it is the duty of the federal courts to assure that the importation of state law will not frustrate or interfere with the implementation of national policies."[10]  Accordingly, a state limitation period will not be borrowed if its "application would be inconsistent with the underlying policies of the federal statute."[11]

Application of the Arkansas statute would require the application of different limitations periods in the same lawsuit for the same violation of federal or constitutional law.  A plaintiff whose federal civil rights were violated by a sheriff might be permitted to recover damages against the sheriff in his individual capacity, while having no right to prospective injunctive relief

---

[9] *Id.*

[10] *Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355, 367 (1977).

[11] *Id.*

- 4 -

against the sheriff in his official capacity.   In every § 1983 case against a sheriff or a coroner in both capacities, two limitations periods would have to be considered.  The application of multiple limitation periods to one § 1983 cause of action undermines the federal principles underlying such actions.  Indeed, the *Wilson* Court deemed it highly unlikely that Congress "would have sanctioned [an] interpretation of its statute" that permitted multiple periods of limitations to apply to the same case.[12]

Other courts have reached similar conclusions.  In *Sullivan v. Bailiff*, 867 F.Supp. 992, 995 (D. Wy. 1994), a district court in Wyoming refused to apply a state statute establishing a two year limitations period for "[a]ll actions upon a liability created by a federal statute . . . for which no period of limitations is provided in such statute" to a plaintiff's § 1983 claim.  Instead, the court applied Wyoming's four year statute of limitations period for personal injury claims, noting that the United States Supreme Court had "definitively ruled on the issue" in *Wilson*.[13]

In *Arnold v. Duchesne County*, 26 F.3d 982 (10th Cir. 1994), the Tenth Circuit refused to apply a Utah statute enacted to apply specifically to § 1983 actions and placing a two year statute of limitations upon such claims.  Relying heavily on *Wilson*, the Tenth Circuit held that Utah, by enacting a statute of limitations applicable to § 1983 actions alone, had "usurped the role of federal law in characterizing the essence of such actions" as claims for personal injury and had also "eliminated the assurance that neutral rules of decision" would apply to § 1983 claims in Utah.[14]   The court found the two year provision inapplicable, noting that "neither Congress nor the Supreme Court has authorized states to create limitations periods specifically and exclusively

---

[12] *Wilson*, 471 U.S. at 274-75.

[13] *Sullivan*, 867 F.Supp. at 993.

[14] *Arnold, supra*, 26 F.3d at 987.

applicable to section 1983 actions."[15]

**CONCLUSION**

For the reasons stated herein, the Court is compelled to conclude that the statute of limitations period for all § 1983 claims against sheriffs and coroners – whether sued in their official or individual capacities – is controlled by Arkansas' statute of limitations for personal injury actions.  Ark. Code Ann. § 16-56-105.   That period is three years.

Accordingly,

IT IS THEREFORE ORDERED THAT Defendant's Motion for Reconsideration of the Court's prior denial of Defendants' Motion to Dismiss (Docket No. 36) be, and it is hereby, DENIED.

IT IS SO ORDERED THIS 28th day of February, 2007.

       /s/Garnett Thomas Eisele
      UNITED STATES DISTRICT JUDGE

---

[15] *Id.*, at 989.